**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil Action No.** |
| **$61,294.00 in U.S. CURRENCY,** | : | |
| **Defendant.** | : | |

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against United States currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

## THE DEFENDANTS *IN REM*

2. The defendant property consists of $61,294.00 in U.S. Currency (hereinafter, the "Defendant Property").

3. The Defendant Property was seized on November 21, 2012, from Patrice Marriott ("Marriott") during the execution of a search and seizure warrant of Marriott's residence at 4515 Homer Avenue, Baltimore, Maryland, and subsequently was placed in the custody of the Drug Enforcement Administration in the District of Maryland where it remains.

**JURISDICTION AND VENUE**

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5. This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1395 because the property is located in this district.

**BASIS FOR FORFEITURE**

7. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Edward Marcinko, Special Agent of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE**, THE Plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;
2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the Defendant Property;
3. That Judgment of Forfeiture be decreed against the Defendant Property;
4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the Defendant Property according to law;
5. That the Plaintiff has such other and further relief as the case may require.

Dated: May 10, 2013

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

**DECLARATION**

This affidavit is submitted in support of a complaint for forfeiture of $61,294.00 in United States currency seized on November 21, 2012.

I, Edward Marcinko, Special Agent of the Drug Enforcement Administration ("DEA"), submit that there are sufficient facts to support a reasonable belief that the $61,294.00 in United States currency seized on November 21, 2012, constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841, and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. On October 24, 2012, members of the Baltimore Police stopped a Nissan Altima (the "Vehicle"), for a traffic violation in the 2200 block of North Eutaw Street, Baltimore, Maryland.

b. Patrice Marriott ("Marriott") was the driver of the Vehicle. Sean Gross ("Gross") occupied the front passenger seat of the Vehicle.

c. Marriott told officers that he was "going home" at the time of the traffic stop.

d. Marriott and Gross appeared to be nervous.

e. Gross attempted to conceal a white plastic shopping bag as he exited the Vehicle.

f. Marriott attempted to hide something under his leg.

g. Marriott and Gross had hidden approximately 160 grams of cocaine, other controlled dangerous substance, and drug paraphernalia, on their persons and inside the Vehicle.

h. Marriott had approximately $1,773.00 in United States currency in various denominations in his front pocket.

i. Officers arrested Marriott and Gross.

j. Baltimore Police applied for and received a search and seizure warrant on November 13, 2012, for Marriott's residence at 4515 Homer Avenue, Baltimore, Maryland, 21215.

k. Marriott shares the residence at 4515 Homer Avenue with his mother, Salima Marriott.

l. On November 21, 2012, officers of the Baltimore Police and DEA executed a search and seizure warrant at 4515 Homer Avenue, Baltimore, Maryland, 21215.

m. Officers located and seized a large amount of currency bundled together by various denominations and held together with rubber bands.

n. The style of packaging the currency is consistent with the packaging of proceeds obtained through drug trafficking.

o. Officers seized the currency as drug proceeds.

p. The total amount of U.S. currency seized from Marriott's residence at 4515 Homer Avenue, Baltimore, Maryland, was $61,294.00.

q. A wage and earnings history was conducted for Marriott and revealed that he earned $31,967 in reported income for 2011 and $29,504 for 2012. Marriott was employed with Goodwill Industries.

r. A criminal history was conducted for Marriott and revealed drug-related charges in North Carolina and Georgia, including trafficking in cocaine, distribution of a controlled dangerous substance, and carrying a handgun without a permit.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE BALTIMORE POLICE, IN REFERENCE TO THE SEIZURE OF $61,294.00 U.S. CURRENCY FROM PATRICE MARRIOTT ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Edward Marcinko
Special Agent
Drug Enforcement Administration

**VERIFICATION**

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

Dated: May 10, 2013

Stefan D. Cassella
Assistant U.S. Attorney

**MEMORANDUM**

DATE: May 13, 2013

TO: Kristine Cupp
U.S. Marshal Service

FROM: Theresa Tepe
FSA Paralegal Specialist
U.S. Attorney's Office - District of Maryland

RE: **U.S. v. $61,294.00 U.S. CURRENCY**

**Civil Action No.**

**CATS ID 13-DEA-574783 – GC-13-0025**

---

The United States has filed a forfeiture action against **$61,294.00 U.S. CURRENCY.** A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.

Attachment

**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**

| PLAINTIFF<br>**UNITED STATES OF AMERICA** | COURT CASE NUMBER |
|---|---|
| DEFENDANT<br>**$61,294.00 U.S. Currency** | TYPE OF PROCESS<br>Verified Complaint in Rem |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
**GC-13-0025 / 13-DEA-574783**

ADDRESS (*Street or RFD, Apartment No., City, State, and ZIP Code)*

SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW:

Theresa G. Tepe, FSA Paralegal Specialist
U.S. Attorney's Office
36 S. Charles Street, 4th floor
Baltimore, Maryland 21201

| Number of process to be served with this Form - 285 | |
|---|---|
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Address, All* Telephone Numbers, and Estimated Times Available For Service)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of: | TELEPHONE NUMBER | DATE |
|---|---|---|
| [signature] | **410.209.4800** | 5/13/13 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | No.______ | No.______ | No.______ | ______________________ | |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*.

| Name and title of individual served *(If not shown above)*. | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. | |
|---|---|---|
| Address (*complete only if different than shown above)* | Date of Service | Time am pm |
| | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS:

PRIOR EDITIONS MAY BE USED SEND ORIGINAL + 2 COPIES to USMS.

**1. CLERK OF COURT 2. USMS Record 3. Notice of Service 4. Billing Statement 5. Acknowledgment of Receipt**