**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DISTRICT**

UNITED STATES OF AMERICA,               *

       Plaintiff,                          *

    v.                                  *          Civil No. SAG-13-1426

$61,294.00 in U.S. Currency,            *

       Defendant.                          *

   *   *   *   *   *   *   *   *   *   *   *

**MOTION TO SUPPRESS, REQUEST FOR SUPPRESSION HEARING,**
**AND REQUEST FOR *FRANKS* HEARING**

Claimant Patrice Marriott, by and through his attorney, C. Justin Brown, hereby

moves this Honorable Court, pursuant to the Fourth Amendment to the United States

Constitution, to suppress all tangible evidence, as well as any derivative evidence,

obtained as a result of any search or seizure in this case. The Claimant also requests that

this Honorable Court grant a suppression hearing, as well as a hearing pursuant to *Franks*

*v. Delaware*, 438 U.S. 154 (1978). In support of this motion, the Claimant states the

following:

1.      On October 24, 2012, three Baltimore City Police detectives initiated a

traffic stop of Marriott on the 2200 block of North Eutaw Street. According to the

detectives, Marriott made a right hand turn onto North Avenue without using a turn

signal. The vehicle was occupied by Marriott, who was the driver, and one passenger.

2.      After pulling the car over, the detectives ordered the passenger to step out

of the vehicle. According to the detectives, the passenger complied, but as he was doing

so he dropped a white plastic bag to the ground. The detectives retrieved the bag,

recovered a large quantity of drugs, and arrested the passenger.

3.     According to the detectives, as the passenger was arrested, Marriott

attempted to conceal something under his leg as he sat in the driver's seat. Marriott was

ordered out of the car, and a detective recovered a rolled-up napkin containing a glass

pipe and two Ziploc baggies of drugs. A search of Marriott's person revealed a folded

dollar bill, a piece of paper containing drug residue and $1,773 in US currency.

4.     After the incident, Detective Damon Blacklock applied for a search and

seizure warrant of 4515 Homer Avenue, Baltimore, Maryland 21215.

5.     On November 21, 2012, the warrant was executed. Inside the residence,

officers recovered a large amount of U.S. Currency, which is the property at issue in this

case.

6.     All searches or seizures that occurred in this case were unreasonable and

conducted in violation of the Fourth Amendment. The traffic stop of Marriott was

unreasonable because it was not supported by probable cause that a traffic violation had

occurred. *See Whren v. United States*, 517 U.S. 806, 810 (1996). Nor was the stop

justified by a reasonable articulable suspicion that Marriott was engaged in illegal

conduct. *See Terry v. Ohio,* 392 U.S. 1, 30 (1968).

7.     The warrant issued for 4515 Homer Avenue, Baltimore, Maryland 21215

was not supported by probable cause, and was otherwise facially invalid. U.S. Const.

amend. IV. These deficiencies cannot be overcome by the good faith exception or any

other exception to the warrant requirement. *See United States v. Leon*, 468 U.S. 897, 926 (1984).

       8.     Any other search or seizure conducted without a warrant in this case was done without exigency or other circumstances that allow for a warrantless search.

       9.     As a result of the Constitutional violations in this case, any items seized or obtained must be suppressed, as must all derivative evidence.

       10.    In addition, the search warrant was obtained in violation of *Franks v. Delaware*, 438 U.S. 154 (1978). The Claimant has reason to believe that the warrant affidavit contained a false statement that was made knowingly and intentionally or with reckless disregard for the truth. Moreover, the Claimant has reason to believe that the statement was essential to the determination of probable cause such that without the statement, probable cause would not have existed to justify issuance of the warrant.

       WHEREFORE, for the above reasons and for any other reasons that may become apparent upon a hearing on this Motion, Claimant Patrice Marriott respectfully requests that this Honorable Court issue an Order of Suppression barring the Government from using all direct and derivative evidence obtained as a result of any unlawful search or seizure.

## REQUEST FOR HEARING ON MOTION TO SUPPRESS

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, Claimant Patrice Marriott respectfully requests that this Honorable Court grant a suppression hearing.


## REQUEST FOR *FRANKS* HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, Claimant Patrice Marriott respectfully requests that this Honorable Court grant a *Franks* hearing.


Respectfully submitted,


_____/s/_____
C. Justin Brown
LAW OFFICE OF C. JUSTIN BROWN
231 East Baltimore Street, Suite 1102
Baltimore, Maryland 21202
Tel: (410) 244-5444
Fax: (410) 934-3208
brown@cjbrownlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 5th day of February, 2014, a copy of the foregoing Motion was sent to each of the parties via CM/ECF.

Respectfully submitted,


_____/s/_____
C. Justin Brown