**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DISTRICT**

UNITED STATES OF AMERICA, *

Plaintiff, *

v. * Civil No. SAG-13-1426

$61,294.00 in U.S. Currency, *

Defendant. *

* * * * * * * * * * *

**CLAIMANT'S SUPPLEMENT TO MOTION TO SUPPRESS, REQUEST FOR SUPPRESSION HEARING, AND REQUEST FOR *FRANKS* HEARING**

Claimant Patrice Marriott, by and through his attorney, C. Justin Brown, hereby supplements his Motion to Suppress, Request for Suppression Hearing and Request for *Franks* Hearing. This Supplement is submitted in response to the Court's Order dated March 25, 2014 (Doc. # 26). It is the intention of this Supplement to incorporate the initial filing and make factual supplements to each of the following three suppression issues before the Court: 1) the validity of the traffic stop that eventually led to the seizure; 2) the sufficiency of probable cause in the affidavit that led to the search warrant; and 3) the allegation that the affidavit contained a false statement in violation of *Franks v. Delaware*, 438 U.S. 154 (1978).[1]

---

[1] By providing this Supplement the Claimant does not concede that he has any duty to provide any more detail than he has already provided with regard to the illegal traffic stop and the issuance of the warrant without probable cause. In fact, it is the Government's burden to establish the legality of both acts. Claimaint does, however, acknowledge that he must make a substantial preliminary showing to obtain a *Franks* hearing.

## I. Background

On October 24, 2012, three Baltimore City Police detectives initiated a traffic stop of Claimant Marriott. According to the detectives, Marriott made a right hand turn from the 2300 block of McCulloh Street onto North Avenue without using a turn signal. The vehicle was occupied by Marriott (the driver) and one passenger.

After pulling the car over, the detectives ordered the passenger to step out of the vehicle. According to the detectives, the passenger complied, but as he was doing so he dropped a white plastic bag to the ground. The detectives retrieved the bag, recovered a large quantity of drugs, and arrested the passenger.

According to the detectives, as the passenger was arrested, Marriott attempted to conceal something under his leg as he sat in the driver's seat. Marriott was ordered out of the car, and a detective recovered a rolled-up napkin containing a glass pipe and two Ziploc baggies of drugs. A search of Marriott's person revealed a folded dollar bill, a piece of paper containing drug residue and $1,773 in US currency.

After the incident, Detective Damon Blacklock applied for a search and seizure warrant of 4515 Homer Avenue, Baltimore, Maryland 21215. On November 21, 2012, the warrant was executed. Inside the residence, officers recovered a large amount of U.S. Currency, which is the property at issue in this case.

## II. The Suppression Issues

### *a. The Illegal Traffic Stop*

It is Marriott's position that the traffic stop leading to his initial arrest (which led to the seizure of the currency) was illegal because he did not actually commit a traffic

violation. Rather, the traffic stop was used as a pretext to pull over the vehicle and search Marriott and the passenger. Thus, the stop was illegal because it was not supported by probable cause, and all fruits thereof must be suppressed.

The description of the stop put forth by the police is entirely implausible. The police state that Marriott was driving "north bound in the 2300 block of McCulloh Street" when he turned right onto North Avenue without using his turn signal. *See* Ex. 1 (Affidavit). What the police did not explain, however, is that McCulloh is a one-way street in the 2300 block, and traffic on that block goes away from North Avenue. *See* Ex. 2 (Google map). There is no way that Marriott could have taken a right turn onto North Avenue from the 2300 block of McCulloh, unless he was driving the wrong way down McCulloh Street (and that certainly is something the police would have included in their account of the incident). Thus, the police are either mistaken in their factual account, or they are making up a false account of the incident to justify the stop *post facto*.[2]

This factual problem – which the parties surely dispute – lends credibility to Marriott's position that the vehicle was stopped illegally without probable cause. Because the parties dispute whether Marriott did anything unlawful to justify the stop, this Court must conduct a suppression hearing.

***b. The Warrant Lacked Probable Cause***

[2] Counsel intentionally chose not to disclose this factual inconsistency in his initial filing so that he could cross-examine the wintess on it without revealing his strategy.

In his initial Motion Marriott also challenged whether the affidavit in support of the search warrant provided sufficient probable cause to justify the issuance of the warrant and the search of 4515 Homer Ave.

To add specificity to this claim, Marriott asserts that the affidavit failed to establish a sufficient nexus between the incident in the vehicle and the residence. The Government seems to argue that the following facts establish the nexus: 1) Marriott was caught in his vehicle with drugs; 2) Marriott had a criminal record; and 3) Marriott purportedly stated he was on his way to his residence at 4515 Homer Ave.

It is Marriott's position that those facts alone – related to probable cause – are not enough to justify the issuance of a warrant nearly one month later. First, Marriott disputes that he made the statement that he was "on his way home." Second, even if he did say that, these facts alone are not enough for an impartial judge to draw the conclusion that there exists probable cause to believe that Marriott was using 4515 Homer Ave. to conceal illegal drugs and firearms. If this were enough to justify a search, the police would be able to search homes every time they found the driver of a vehicle in possession of drugs and that person claimed to be "on their way home."

***c. The Warrant Contains Misrepresentations.***

Undersigned counsel has reason to believe that the warrant contains misrepresentations made by the affiant, Det. Damon Blacklock.

In the process of representing the Claimant in the underlying criminal case in State court, counsel obtained a different version of the search warrant affidavit. *See* Ex. 3 (unsigned affidavit). That version has two key sentences omitted – the sentence in which

the affiant asserts that Marriott stated that he was on his way home, and the sentence in which the affiant states "If he was going home with that amount of CDS and U.S. Currency, then it stands that he would be storing the same at his residence."

These sentences are then added to another version of the same affidavit that was produced to the Claimant in discovery. Although the second document was signed, the first was not.

It is Marriott's contention that Det. Blacklock drafted the application and original affidavit (Ex. 2) and took it to a judge for a search warrant. The judge declined to issue the warrant because the affidavit did not establish a nexus. Det. Blacklock then revised his affidavit to add the two sentences described above, and went back to the judge. This time the judge issued the warrant.

It is highly probable that the affiant misled the judge when he added these two sentences. It is implausible that the affiant was being truthful when he, essentially, claimed to have remembered – 20 days later – that the Claimant said he was on his way home at the time of the car stop. Rather, it is Marriott's position that the officer made this up in order to provide the judge with a nexus between the car stop and Marriott's purported residence.

## III. Conclusion

By this Supplement, Marriott has shown that he raised legitimate suppression issues to warrant a hearing. While it is Marriott's position that he did not need to show a factual dispute to merit a hearing on the car-stop issue and the probable-cause issue, he has nonetheless provided the Court with additional information showing disputes of fact.

And, Merritt has outlined why he thinks the affidavit in support of the search warrant contains an intentional misrepresentation of fact.

Respectfully submitted,

______/s/______
C. Justin Brown
LAW OFFICE OF C. JUSTIN BROWN
231 East Baltimore Street, Suite 1102
Baltimore, Maryland 21202
Tel: (410) 244-5444
Fax: (410) 934-3208
brown@cjbrownlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 7th day of April, 2014, a copy of the foregoing Motion was sent to each of the parties via CM/ECF.

Respectfully submitted,

______/s/______
C. Justin Brown